■ CYRIL SPENCE, Appellant, v FRANKLIN PLAZA APARTMENTS, Respondent. — Order of the Supreme Court, New York County (Rubin, J.), entered April 7, 1982, which denied plaintiff's motion to dismiss defendant's affirmative defenses unanimously modified, on the law, to the extent of striking the affirmative defense of laches and, except as so modified, affirmed, without costs. In 1975 Bertha Spence became a co-operator in the Mitchell-Lama development

operated by defendant. At that time she listed her niece, Ms. Jones, and herself as the occupants of the apartment. Affidavits submitted to defendant monthly thereafter reflected a continuance of this situation up to her death in August, 1980. At that time Ms. Jones vacated the apartment. On September 25, 1980 defendant, having ascertained that plaintiff, who claims to be the husband of Bessie, resided in the apartment, served him with a notice to quit. In response thereto plaintiff's counsel forwarded a letter to defendant indicating his desire to continue in possession and requesting instructions on how plaintiff could become the tenant of the record. On October 10, 1980, defendant responded with a 10-day notice to cure. It consisted of a form letter which noted that the lease provisions precluded a subletting or assignment without the express consent of the defendant and which required that any default in performance of the terms of the lease, other than default in the payment of rent, was required to be cured within 10 days after written notice of default. Plaintiff was instructed that if the sublet or assignment of lease was not corrected within 10 days, necessary steps to terminate the tenancy would then be taken. On October 27, 1980, defendant served a "30-day notice" terminating plaintiff's tenancy as of November 30, 1980. On December 2, 1980, plaintiff surrendered the keys to the apartment and vacated it. Thereafter on April 22, 1981 defendant sent to plaintiff a check in the sum of $188.43 representing a return of Bertha's equity interest in the apartment. The check was neither returned nor cashed. In November, 1981 plaintiff brought this action alleging a breach of contract and an unlawful eviction. Defendant interposed its answer setting forth three affirmative defenses; voluntary surrender, accord and satisfaction and laches. Plaintiff moved to strike the affirmative defenses. Special Term denied the motion and plaintiff appeals. The defenses of voluntary surrender and accord and satisfaction are, on their face, clearly sufficient. Whether they hold water at trial will depend on the proof submitted. The defense of laches presents a different situation. The action is one at law in which plaintiff seeks only damages, not a restoration of possession. Moreover, the 11-month delay between surrender and the commencement of this action is not so unconscionable as to warrant the conclusion that defendant was prejudiced thereby, particularly since the only prejudice claimed is the rental of the apartment to someone else, a matter which is not the subject of plaintiff's claim. Hence, invocation of the broad, equitable power of the court is not warranted, particularly since the action was brought well within the statutory period of limitation. Concur — Sandler, J. P., Silverman, Bloom, Milonas and Kassal, JJ.